ON MOTION TO DISMISS
ELLIS, Judge.
Judgment herein in favor of plaintiff was signed on March 24, 1975. Defendants Lamastus & Associates, Inc. and Volunteer Construction Company, Inc. moved for a suspensive and/or devolutive appeal on June 26, 1975. The order was signed the same day, fixing the return date on August 26, 1975. Bond for $11,500.00 was posted on June 27, 1975.
On July 15, 1975, plaintiff filed a motion in the trial court for dismissal of the appeal on the ground that it was not timely filed. On July 19, 1975, a motion to the same effect was filed in this court. We issued an order to the parties to show cause, by briefs, on August 7, 1975, why the appeal should not be dismissed. Defendants were granted an extension of time until August 22, 1975, to file their brief, but have not yet done so.
On August 29, 1975, plaintiff filed another motion to dismiss the appeal on the ground that the return day had passed, no extension thereof had been filed, no tender of costs had been made, and the record had not been lodged.
On September 3, 1975, the trial judge signed a judgment on the motion of July 15, recalling the order of appeal as having been improvidently signed, because the motion for appeal came too late.
*236 All of the above circumstances appear from the original record, which was obtained and examined by this court.
We find that defendants’ application for a suspensive appeal was not timely filed. The judgment appealed from was rendered from the bench without the case having been taken under advisement. The record does not reveal that notice of signing of the judgment was requested by defendants, and they were not entitled to notice of judgment under Article 1913 of the Code of Civil Procedure. Under Article 1974, the delay for applying for a new trial is seven days, exclusive of legal holidays, beginning on the day after the judgment is signed. In this case, the last day was April 2, 1975. No application for new trial was filed during that period.
Therefore, under Article 2123 of the Code of Civil Procedure, the delay of 30 days for applying for a suspensive appeal expired on May 2, 1975.
On the other hand, we find the appeal to be timely perfected as a devolutive appeal. Under Article 2087 of the Code of Civil Procedure as applied to this case the delay is 90 days from the expiration of the delay for applying for a new trial, making the last day for applying for a devolutive appeal July 1, 1975, several days after the appeal was granted and the bond posted.
Under Article 2088 of the Code of Civil Procedure, the jurisdiction of the trial court is divested, except in certain cases not relevant herein, on the timely filing of the appeal bond. Since we have found this appeal to be timely and the bond timely posted, the trial court was without jurisdiction to recall its order of appeal.
The record on appeal has not been lodged with this court, and we find no extensions of the time to do so in the original record. However, we are not enlightened as to the reason why. Under Article 2161 of the Code of Civil Procedure, an appeal cannot be dismissed because of such irregularities unless same are imputable to the appellant. The case will therefore be remanded to the trial court, with directions to hold an evidentiary hearing within 30 days hereof, and to return the transcript thereof to this court forthwith for final determination as to the validity of this appeal, and as to liability for costs on this motion.
Remanded, with instructions.